## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCHUTJER BOGAR, LLC,** | : | **Civil Action No. 1:12-CV-01446** |
| **Plaintiff,** | : | |
| | : | **(Judge Conner)** |
| **v.** | : | |
| | : | |
| **KINDRED NURSING CENTERS** | : | |
| **EAST, LLC,** | : | |
| **Defendant** | : | |

### ORDER

AND NOW, this 10th day of October, 2012, upon consideration of defendant

Kindred Nursing Centers East's motion for stay pending appeal (Doc. 39), filed

October 5, 2012, pursuant to Federal Rule of Civil Procedure 62(c) (noting that a

district court "may" grant a stay of an interlocutory order while an appeal is

pending), requesting that the court order Kindred to pay $60,000 to the Clerk of

Court for the Middle District of Pennsylvania to hold as security pending the

resolution of Kindred's appeal to the Third Circuit, and the court recognizing that a

stay of a preliminary injunction may not be granted as of right,[1] see FED. R. CIV. P.

62(a), it is hereby ORDERED that Kindred Nursing Centers East's motion for a stay

pending appeal is DENIED.


         S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] The relevant factors that a district court must consider when determining whether to grant a stay pending appeal are: (1) whether the party moving for a stay has made a strong showing that they are likely to succeed on the merits of their appeal; (2) whether the stay applicant will be irreparably injured absent a stay; (3) whether the nonmoving party would be substantially injured by issuance of a stay; and (4) whether the public interest favors a stay. See Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991) (citing Hilton v. Braunskill, 481 U.S. 770, 776-77 (1987)).

The court's reasons for granting a preliminary injunction in this case, stated on the record at the September 26, 2012 hearing, apply equally here. First, the court finds that Schutjer Bogar has a strong likelihood of success on the merits of their claim, and therefore Kindred is unlikely to prevail on appeal. Second, Kindred argues that, should they pay the proceeds to Schutjer Bogar, but ultimately prevail on the merits, and should Schutjer Bogar then declare bankruptcy, they may be unable to recover the funds at a future date. This concern is speculative and remote, and is substantially outweighed by the irreparable harm facing Schutjer Bogar – namely, the dissolution of its business – absent payment by Kindred. Finally, the public interest favors neither side decisively. When considering these four factors, the balance of harms shifts decisively in favor of Schutjer Bogar, and against granting a stay.